UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD SHELDREW and JUDY SHELDREW,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　　Defendant. | Case No. 3:19-cv-290-LRH-WGC<br><br>ORDER |

  Plaintiffs Richard and Judy Sheldrew have filed a motion for a preliminary injunction against defendant United States Postal Service ("USPS") to prevent it from installing additional communal mailboxes on their property. (ECF No. 8). USPS responded to that motion (ECF No. 10) and also filed a motion to dismiss the Sheldrews' action (ECF No. 9). Upon a review of the motions, the Court determined that oral argument would not be necessary to resolve either the preliminary injunction or the motion to dismiss. For the reasons stated below, the Court grants USPS's motion to dismiss and will dismiss the Sheldrews' complaint with prejudice.

## I. Factual Background and Procedural History

  This action concerns a decision by USPS to relocate several community mailboxes from a nearby street onto an USPS easement on the Sheldrews' property. The Sheldrews own a home in Gardnerville, Nevada, in the Ponderosa subdivision, which they purchased in 1996. (ECF No. 6-3 at 2). The subdivision is comprised of eight lots, with the Sheldrews' home designated as Lot 7. (*Id*.) At the time they purchased the home, Lot 7 had a 16'x12' USPS easement containing one USPS "cluster mailbox" (16 individual mailboxes) and four package boxes. (*Id*. at 3). Given the

1

number of lots in the subdivision and number of individual mailboxes in the cluster mailbox, some of the mailboxes were not assigned to any resident in the Ponderosa subdivision. The easement is located on the edge of the Sheldrews' property "immediately adjacent" to the entrance to their driveway. (*Id.*) USPS did not alter the mailbox configuration from 1996 to 2019, although the Sheldrews suspect that at some point, USPS assigned the unused mailboxes to individuals not living in the Ponderosa subdivision. (*Id.*)

In April 2019, the Sheldrews "heard rumors" that USPS intended to move a nearby cluster mailbox from East Valley Road to the easement on their property. (ECF No. 6-3 at 3). When they contacted the USPS "maintenance man" to voice their concerns, he told them that USPS planned to install several cluster mailboxes back-to-back on the easement and that there was "nothing [they] could do about it." (*Id.*) In May, the Sheldrews sent a letter to the local USPS Postmaster objecting to the proposed changes. (*Id.*) They argued that: (1) the easement only allows for the placement of mailboxes for people living in the Ponderosa subdivision; (2) the easement is too small to support additional mailboxes; (3) more mailboxes will result in more traffic congestion for members of the subdivision, and (4) more people picking up their mail would interfere with their use and enjoyment of their property. (*Id.* at 4) Despite their concerns, USPS installed an additional cluster mailbox on the easement on May 14, 2019. (*Id.*) The Sheldrews believe that UPSP intends to assign the new mailboxes to residents living in the East Valley area outside the Ponderosa subdivision. (*Id.*)

The Sheldrews originally filed their action in state court in Douglas County, whereafter USPS properly removed it to this Court. They put forward two causes of action: (1) "for temporary restraining order, preliminary injunction, and permanent injunction," and (2) for declaratory relief. (ECF No. 6-3 at 4–5). While the matter was pending in state court, Judge Thomas W. Gregory denied the Sheldrews' request for a temporary restraining order because they did not post the requisite security or serve a copy of their motion on USPS. (ECF No. 6-5 at 2). Pending before the Court are the Sheldrews' motion for a preliminary injunction and USPS's motion to dismiss.

///

///

## II. Legal Standard

USPS seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and 12(b)(1) for lack of subject matter jurisdiction. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; a pleading, however, that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 667 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*.

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 667. Even so, "bare assertions. . .amount[ing] to nothing more than a formulaic recitation of the elements of a. . .claim. . .are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681.) "In sum, for a complaint to survive

a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the Court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the defendant asserts that the allegations within the complaint are insufficient on their face to invoke federal jurisdiction. *Id*. In a factual attack, the defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id*. With factual attacks, the Court is permitted to review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id*. (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)).

### III. Discussion

USPS makes two alternative arguments as to why dismissal is proper. It first argues that that the Sheldrews' two claims for injunctive and declaratory relief are improper because they only request a remedy instead of stating a claim to support a remedy. (ECF No. 9 at 9). Its second argument is that the Court lacks subject matter jurisdiction over both of the Sheldrews' claims because the Postal Accountability and Enhancement Act ("PAEA") requires that such claims be brought before the Postal Regulatory Commission ("PRC") rather than in federal court. (*Id*. at 14). The Court will address USPS's second argument first.

### A. Motion to Dismiss

The PRC has exclusive jurisdiction over service and postal rates-related complaints with USPS pursuant to 39 U.S.C. §3662. *Murphy v. United States Postal Service*, 2014 WL 4437731, at *3 (N.D. Cal. Sept. 9, 2014). §3662 provides that anyone "who believes [USPS] is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter" may lodge a complaint with the PRC. After an individual files a complaint with the PRC, he or she may file a petition to have that complaint reviewed with the United States

4

1  Courts of Appeals for the District of Columbia if the PRC rejects or otherwise denies the claim.
2  39 U.S.C. §3663. The central question in resolving USPS's motion to dismiss is whether the
3  Sheldrews' complaint is focused on a dissatisfaction with USPS's mail delivery service or their
4  property rights as it relates to the easement.

5  In *LeMay v. U.S. Postal Service*, the Eight Circuit considered a similar question of whether
6  the plaintiff's complaint was based on a claim of inadequate postal service rather than a breach of
7  contract. 450 F.3d 797 (8th Cir. 2006). There, the plaintiff alleged that USPS "breached a federal
8  common law contract" by failing to deliver mail marked as priority as quickly as it claimed despite
9  charging more for that service than regular mail. *Id*. at 798. The plaintiff argued that when he and
10 other customers paid extra for faster service, they entered into a contract with USPS. The Eight
11 Circuit construed his complaint as one attacking the sufficiency of USPS's service despite the
12 complaint being "lavishly wrapped in contract clothing," and as such, federal courts lacked
13 jurisdiction to hear his claim. *Id*. at 800. *LeMay* can be contrasted with a case from the District of
14 Columbia where the court found that it had jurisdiction over the plaintiff's claim when he alleged
15 USPS engaged in viewpoint discrimination in violation of the First Amendment when it did not
16 allow him to create a customized stamp criticizing a recent Supreme Court decision. *Anatol*
17 *Zukerman & Charles Krause Reporting, LLC v. U.S. Postal Service*, 220 F.Supp.3d 27 (D.C.C.
18 2016). In that case, there was no allegation that USPS made a decision related to how it delivers
19 the mail that somehow violated the plaintiff's First Amendment rights; the central issue was
20 whether USPS unlawfully prohibited him from creating a customized stamp.

21 The Sheldrews' claims are based on allegations that USPS exceeded the scope of the
22 easement on their property when it relocated several mailboxes from a nearby road onto the
23 easement. (ECF No. 6-3 at 3). Despite the fact that the Sheldrews have couched their case with
24 USPS as a property dispute, their real dissatisfaction lies with the fact that they will be
25 inconvenienced by USPS's relocation of additional mailboxes onto their property. This is best
26 reflected in the complaint letter the Sheldrews sent to the USPS Postmaster; the lion's share of
27 their complaints were unrelated to the scope of the easement and were an attempt to convince
28 USPS that their easement was not the ideal location for more mailboxes. (ECF No. 6-3 at 4). It is

5

also telling that the Sheldrews have only asserted claims for injunctive and declaratory relief and nothing related to the easement itself, such as an action to quiet title or for trespass. Moreover, one district court has previously concluded that it did not have subject matter jurisdiction over similar issue; in *Hollander v. U.S. Postal Service*, the District Court for the District of Massachusetts held that the court lacked jurisdiction over a dispute concerning a local post office's decision to change the location of residential mail delivery. 1988 WL 138754, at *1 (D. Mass. Dec. 20, 1988). The Court concludes that a decision by USPS to change the location of residential mailboxes is effectively a service-related issue.

In the relevant cases surveyed by the Court, the plaintiffs often couch their claims against USPS as being based on something other than a pure service complaint, such as breach of contract, a tort, or a constitutional violation. But at the heart of all these claims is a dissatisfaction with how USPS is conducting business and delivering the mail and accordingly, these courts have found a lack of jurisdiction. *See Rodriguez v. Hemit*, 2018 WL 3618260, at *2 (W.D. Wash. July 30, 2018) (no subject matter jurisdiction where plaintiff alleged postal worker put trash in his mailbox and stole money from letters sent to him); *Ehrlich v. U.S.*, 2018 WL 3608404, at *2 (W.D. Wash. July 26, 2018) (no subject matter jurisdiction where plaintiff alleged USPS improperly placed a "dog hold" on his home mail delivery service and returned his mail to sender; plaintiff had alleged claims under the First, Fourth, and Fifth Amendment); *Powell v. U.S. Postal Service*, 2016 WL 409672, at *1–2 (D. Mass. Feb. 2, 2016) (no subject matter jurisdiction where plaintiff alleged a post office employee refused to give her mail and threatened to have her trespassed from the post office). The heart of the Sheldrews' complaint is that they do not want additional members of their community picking up their mail in front of their house and would prefer that USPS relocate the cluster mailbox somewhere else. This is fundamentally a service-based complaint, and the Court accordingly does not have jurisdiction to hear it.[1]

///

///

---

[1] Because the Court has determined that it lacks the subject matter jurisdiction necessary to hear the Sheldrews' case, the Court will not address whether their complaint should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**B. Preliminary Injunction**

Because the Court has determined it lacks subject matter jurisdiction over this case, it also has no jurisdiction to decide the Sheldrews' motion for a preliminary injunction.

**IV. Conclusion**

IT IS THEREFORE ORDERED that defendant United States Postal Service's motion to dismiss (ECF No. 9) based upon a lack of jurisdiction is **GRANTED**.

IT IS FURTHER ORDERED that the complaint of plaintiffs Richard and Judy Sheldrew is **DISMISSED WITH PREJUDICE**. The Clerk of Court is instructed to enter judgment in favor of defendant United States Postal Service and against plaintiffs Richard and Judy Sheldrew.

IT IS SO ORDERED.

DATED this 21st day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE